BARADA, Appellant, vs. BLUMENTHAL, Respondent.

1. It is settled that no claim was confirmed by the act of June 13, 1812, which had been previously abandoned.
2. By abandonment of a lot is meant quitting possession, with the intention that it should no longer be the property of the possessor.
3. Where there is evidence of abandonment, an instruction which leaves that question out of view, is properly refused.
4. The fact that the claimant of a lot applied for and obtained in 1808, the benefit of an an act for the relief of insolvent debtors, and did not include the lot in his inventory, which was required to be sworn to as a full and perfect discovery of all his real and personal estate, together with the fact that he had previously removed the machinery of a mill which he had erected upon it, and the occupation of which had been his only possession or evidence of title, is evidence to go to a jury of an abandonment.

*Appeal from St. Louis Court of Common Pleas.*

This was an action for the possession of a lot in Carondelet, claimed to have been inhabited, cultivated and possessed by Gregoire Sarpy, prior to December 20, 1803, and confirmed by the act of congress of June 13, 1812. The plaintiff claimed under a deed from the heirs of Gregoire Sarpy.

The defendant claimed under a confirmation by the act of congress of April 29, 1816, to the legal representatives of Joseph Boisvert, to whom the land was conceded on the 4th of July, 1774, by Pedro Piernas, the lieutenant governor of Upper Louisiana. The derivative title of the defendant, under this latter confirmation, was admitted.

At the trial, there was oral evidence tending to show that, many years prior to 1803, Gregoire Sarpy erected a mill upon the lot in controversy, which was used for grinding corn and wheat; that Sarpy did not live in Carondelet, but the mill was run

by his agent ; and that shortly after the change of government, the machinery of the mill was by him removed to St. Louis.

The defendant read in evidence the proceedings on the application of Gregoire Sarpy for the benefit of the act of October 16th, 1807, concerning "insolvent debtors." The application was dated January 11, 1808, and accompanied with an inventory, to which was annexed an affidavit that it contained, to the best of the applicant's knowledge, remembrance and belief, a full, just, true and perfect account and discovery of all his real and personal estate and effects. The lot in controversy was not mentioned in said inventory. The plaintiff objected to this evidence, but his objection was overruled.

The plaintiff asked the following instruction, which was refused :

"If the lot in controversy is a town or village lot, within the town or village of Carondelet, as the same existed prior to the 20th of December, 1803, and was inhabited, possessed or cultivated by Gregoire Sarpy, or his agent or tenant, prior to said 20th of December, 1803, such inhabitation, cultivation or possession vested in said Sarpy the lawful title to said lot in fee simple, by operation of the act of congress passed on the 13th day of June, 1812, entitled " An act making further provision for settling the claims to land in the territory of Missouri."

The court gave the following instruction, among others :

" If the jury believe from the evidence that, prior to December 20, 1803, Gregoire Sarpy inhabited, possessed or cultivated the lot in question, either by himself, his agent or tenant, and that the same was a town or village lot, and was within the town or village of Carondelet, as the same existed prior to December 20, 1803, then the title to the same was vested in said Sarpy by the act of June 13, 1812, unless prior to said June 13, the said Sarpy had abandoned the same, or disclaimed all right, title or claim thereto. By abandonment, is meant the quitting of the possession of the lot, with the intention that it should be no longer the property of the possessor."

Other instructions asked by the defendant were refused. There was a verdict and judgment for the defendant, from which the plaintiff appealed. The case was orally argued by Mr. E. Casselberry, for appellant, and by Mr. F. A. Dick, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

As the plaintiff claimed title to the lot in question, upon the ground that it was confirmed to Gregoire Sarpy by the act of congress of June 13th, 1812, and conveyed by Sarpy's heirs to him, it was properly made a matter of defence that Sarpy had, previous to the passage of that act, abandoned the property, and that he then had no subsisting claim thereto. (*Lajoie* v. *Primm,* 3 Mo. Rep. 368. *Page* v. *Scheibel,* 11 Mo. Rep. 183.)

As there was evidence of the fact of abandonment by Sarpy, the court correctly refused to give the instruction asked by the plaintiff, which asserted that the title of Sarpy was confirmed by the act of 1812, if he possessed the lot prior to 20th December, 1803, thus throwing out of consideration the question made in the defence, that Sarpy had abandoned all claim to the lot prior to the passage of the act of 1812.

The first instruction given by the court correctly placed before the jury the law applicable to the plaintiff's case, and correctly defined abandonment, as that definition is given in the Partidas.

The fact that Sarpy, in 1808, applied for and obtained the benefit of the act for the relief of insolvent debtors, (1 Terr. Laws, 181,) and that, in his inventory, he did not include this property, coupled with the fact that he had previously removed from it the machinery of the mill which he had erected upon it, and the occupation of which was his only possession of the lot, was evidence of abandonment, entitled to great weight.

The obligation upon a debtor applying for the benefit of the insolvent law to include in his inventory all his property of every description, when he is required to swear to its being a

full, true, just and perfect account and discovery of all the estate and effects in any wise belonging to him, is as strong as it can be made. Although the title to a lot not mentioned in the inventory was not conveyed to the sheriff by the deed which the act required to be executed, and was not divested by the act itself, still, when a jury is considering the question whether the insolvent debtor had, at the time, a subsisting claim to a lot which is not mentioned in his inventory, its omission is strong evidence that he did not claim it. Sarpy had no paper title ; he had had possession before the change of government, by erecting and running a mill upon the lot ; he quit the occupancy of the lot, and removed the machinery of his mill to St. Louis ; afterwards, he made his inventory as an insolvent, and did not mention the lot as his property; the proceeding under the insolvent act was in 1808 ; the question in the case was, whether he had a subsisting claim to the lot in 1812, which was confirmed by the act of 13th June. The instructions were not stronger than the evidence justified. The judgment is, with the concurrence of the other judges, affirmed.